Filed 5/21/25  P. v. Bell CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

**v.**

JARVIS DEWAYNE BELL,

    Defendant and Appellant.

E082919

(Super.Ct.No. BAF1200263)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jarvis Dewayne Bell appeals the order of the Riverside County Superior Court finding defendant ineligible for resentencing under Penal Code section 1172.75.[1] We will affirm.

**BACKGROUND**

In 2014, a jury convicted defendant of assault with a deadly weapon (a knife) causing great bodily injury(§§ 245, subd. (a)(l), 12022.7, subd. (a), 1192.7, subd. (c)(8)), carrying a concealed dirk or dagger(§ 21310), unlawful possession of a deadly weapon in a penal institution(§ 4574), three counts of battery on a custodial officer(§ 243.1), two counts of resisting an executive officer (§ 69), and attempting to commit a violent injury on a custodial officer (§ 241.1). Defendant admitted three prison prior enhancements (§ 667.5, subd. (b)), a serious prior felony enhancement(§ 667, subd. (a)), and a strike prior(§§ 677, subds. (c), (e)(l), 1170.12, subd. (c)(l)). The trial court imposed and stayed one-year terms for each of the three prison priors, and sentenced defendant to a total prison term of 18 years and eight months.

Defendant appealed the judgment and we affirmed. *(People v. Bell* (Sept. 29, 2015, E061359) [nonpub. opn.].)

1. *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was

_____

[1] All further statutory references are to the Penal Code. References to rules are to the California Rules of Court.

for specific sexually violent offenses. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The amendment was retroactive to any case in which the judgment was not final. *(People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342.)

In 2022, section 1172.75 became effective.[2] (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020. (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75, subdivision (a) enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes the enhancement, it must recall the sentence and resentence the defendant. *(Ibid)*

---

[2] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, we will refer to the provision by its current number.

Following the passage of section 1172.75, a dispute arose in the courts of appeal with respect to the meaning of the word "imposed" in subdivision (a). In *People v. Rhodius,* this court held "imposed" means a defendant is entitled to a resentencing hearing only if the prison prior was imposed and executed. *(People v. Rhodius* (2023) 97 Cal.App.5th 38, 45 *(Rhodius),* review granted Feb. 21, 2024, S283169.)

Other courts have arrived at varying conclusions. For example, in *People v. Christianson* (2023) 97 Cal.App.5th 300, 313-316 *(Christianson),* review granted February 21, 2024, S283189, Division One of the Fourth District concluded "imposed" includes sentences imposed and stayed. In another case, Division One held that a stricken enhancement (as distinguished from one that is stayed) is not an imposed enhancement within the meaning of subdivision (a) of section 1172.75. *(People v. Tang* (2025) 109 Cal.App.5th 1003, 1007-1009.) In *People v. Espino* (2024) 104 Cal.App.5th 188, 196-197 *(Espino),* review granted October 23, 2024, S286987, the Sixth District decided defendants are entitled to resentencing whether punishment for the prison prior was executed, stayed, or stricken.

2. *The Application of Section 1172.75 in Defendants Case, Resulting in this Appeal*

Defendant was included in a CDCR list of persons sentenced in Riverside County considered to be eligible for resentencing relief because of a prison prior.[3] At the ensuing

---

[3]    On our own motion, we (i) took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and (ii) augmented the record in this case to include the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 12.

4

hearing, the trial court incorporated by reference its case number RIF1605083.[4]  It also

noted it had read and considered *Rhodius, supra,* 97 Cal.App.5th 38, review granted,

*Christianson, supra,* 97 Cal.App.5th 300, review granted, and *People v. Saldana* (2023)

97 Cal.App.5th 1270, review granted March 12, 2024, S283547.  It found defendant was

ineligible for resentencing under section 1172.75, subdivision (d).  Defendant then timely

noticed this appeal from "SB 483 Denial per Rhodius."

## DISCUSSION

Defendant argues the court erred when it failed to afford him a full resentencing

hearing pursuant to section 1172.75.

As noted *ante,* appellate courts are divided on the issue whether full resentencing

hearings are required when a defendant's sentence includes a prison prior that is not

executed.  In the absence of direction to the contrary from California's Supreme Court on

the issue, we continue to adhere to our decision in *Rhodius,* which held section 1172.75

resentencing relief applies only to sentences for prison priors that are imposed *and*

executed, not to those that have been stayed or the punishment stricken.  *(Rhodius, supra,*

97 Cal.App.5th at pp. 44-49, review granted.)  Our conclusion is bottomed on the

statute's requirement that the elimination of the repealed prison prior enhancement must

---

[4]    The case number the court refers to is *People v. Archuleta,* which was appealed to
this court. *(People v. Archuleta* (Jan. 30, 2025, E082960) [nonpub. opn.].)  There, we
affirmed the order of the Riverside County Superior Court (Judge John D. Molloy)
denying the defendant relief on the grounds he was ineligible for recall and resentencing
under section 1172.75 because he was not serving any additional time for his prison
priors, which either been stayed or the punishment stricken. *(Ibid.)*

5

result in the reduction of the sentence.  (§ 1172.75, subd. (d)(l); *Rhodius,* at pp. 42-45, review granted.)

On appeal, defendant argues he should have been afforded a resentencing hearing for each of several reasons:  (i) the language of section 1172.75 does not limit its application to prison prior sentences that have been executed; (ii) the statute's legislative history, including its refusal to enact section 1172.75 as a purely administrative adjustment in particular, supports the notion that resentencing is required in every case involving a section 1172.75, subdivision (a) prison prior; (iii) the rule oflenity requires any ambiguity in the statute to be resolved in his favor; (iv) providing full resentencing for all defendants comports with Legislature's goals of criminal justice reform and reducing the prison population as evidenced by the many reforms listed in his brief; (v) the sentence was unauthorized so it may be corrected at any time and, when corrected, the trial court must afford defendant a full resentencing hearing; and (vi) federal due process rights guarantee defendant the benefit of "these favorable sentencing statutes."

We are not persuaded.  As we explained in *Rhodius,* subdivision (d)(l) of section 1172.75 requires resentencing of defendants with a prison prior to result in a lesser sentence than the one originally imposed unless there is clear and convincing evidence that a reduced sentence would endanger public safety. *(Rhodius, supra,* 97 Cal.App.5th at p. 43, review granted.)  The only sensible reading of that provision is that it is intended to apply only in cases in which the prison prior actually increased a defendant's sentence. *(Id,* at pp. 43-44.)  To expand the lesser sentence requirement to cases in which the

6

enhancement was ordered and then stayed or stricken would mean the sentencing court must arbitrarily reduce prison terms imposed pursuant to other statutes having nothing to do with a legally invalid prison prior. *(Ibid)*

Moreover, the Legislature is known to use the word "impose" as shorthand for impose and then execute. *(People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126-1127.) That it did so with respect to section 1172.75 is made clear in the uncodified preamble to Senate Bill No. 483 in which the Legislature found and unambiguously declared that, as part of its efforts to ensure equal justice and address systemic racial bias in sentencing, it intended to retroactively apply amended section 667.5(b) to "all persons *currently serving a term of incarceration in jail or prison for these repealed sentence enhancements."* (Stats. 2021, ch. 728, § 1, italics added.)

There is no call for application of the rule oflenity in view of the Legislature's unambiguous declaration. *(People v. Reynoza* (2024) 15 Cal.5th 982, 1012 [the rule of lenity applies only if two reasonable interpretations of a statute stand in relative equipoise].) And, although defendant is correct that the Legislature has enacted many reforms to reduce sentences, that fact does not give the courts license to step into a legislative role and broaden the application of section 1172.75 to include persons who are not currently serving a term of incarceration on account of a prior prison term that was imposed and executed.

Defendant argues and the People agree that the court erred when, pursuant to the prior serious felony enhancement in section 667, subdivision (a), it sentenced defendant

7

to five years on account of a March 2006 conviction for shooting at an inhabited dwelling in violation of section 246, and also imposed and stayed a (now former) section 667.5, subdivision (b), prison prior enhancement for the same offense. The parties are correct that, when multiple statutory enhancements are available for the same prior offense, only the greatest one is permitted to be applied to the current sentence. *(People v. Jones* (1993) 5 Cal.4th 1142, 1145, 1150.) But, contrary to the parties' contention, it was not error to impose and stay the prison prior enhancement. Rule 4.447 expressly authorizes the trial court to stay an enhancement when, as in the case of former section 667.5, subdivision (b), an enhancement that otherwise would have to be either imposed or stricken is barred by an overriding statutory prohibition. *(People v. Brewer* (2014) 225 Cal.App.4th 98, 104.)

We decline to address defendant's vague and undeveloped one sentence argument that "[his] federal due process rights guarantee him the benefit of these favorable sentencing statutes," citing *Hicks v. Oklahoma* (1980) 447 U.S. 343, 346. We also decline his invitation to embrace the opinion in *Christianson, supra,* 97 Cal.App.5th 300, review granted. The Supreme Court has granted review in *Christianson* and *Rhodius,* and we see no reason to abandon *Rhodius* unless and until that court instructs us to take a different approach.

**DISPOSITION**

The order finding defendant ineligible for resentencing under section 1172.75, subdivision (d) is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

McKINSTER _____
J.

MILLER _____
J.

9